IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PATRICK HENRY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-1926-L** |
| | § | |
| **COVENANT TRANSPORT** | § | |
| **INCORPORATED,** | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendant's Motion to Dismiss Pursuant to Rule 12(b)(3), or, in the
Alternative, Motion to Transfer (Doc. 6), filed on November 18, 2013.  After careful consideration
of the motion, response, reply, record, and applicable law, the court **denies** Defendant's Motion to
Dismiss Pursuant to Rule 12(b)(3), **denies** Defendant's Motion to Transfer pursuant to 28 U.S.C.
§ 1406, **grants** Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1404(a), and **transfers**
this case to the United States District Court for the Eastern District of Tennessee pursuant to 28
U.S.C. § 1404(a).

## I.      Background

On May 21, 2013, Plaintiff Patrick Henry ("Plaintiff") filed a federal lawsuit against
Covenant Transport, Incorporated ("Defendant") alleging that he was subjected to workplace
harassment and a hostile work environment, his employment was terminated on the basis of race
and in retaliation for filing a claim of racial discrimination, and he was denied overtime
compensation in violation of the Fair Labor Standards Act ("FLSA").  *See* Doc. 1.  Defendant then
filed this Motion to Dismiss Pursuant to Rule 12(b)(3), or, in the Alternative, Motion to Transfer
under 28 U.S.C. §§ 1404(a) and 1406, contending that the agreements governing Plaintiff's

employment and claims of discrimination, retaliation, and violation of the FLSA include forum selection clauses that mandate a Hamilton County, Tennessee forum and the application of the laws of the State of Tennessee.  *See* Doc. 6.

Defendant has submitted two authenticated documents, a Conditional Offer of Employment and an Acknowledgment of Employment in Tennessee and Application of Tennessee Law and Jurisdiction.  *See* Doc. 8.  The Conditional Offer of Employment contains a section that states:

> I understand and agree that all matters relating to my application process, conditional employment status, and/or subsequent employment with Covenant Transport shall be construed and governed by the laws of the State of Tennessee, without giving effect to the principles of conflicts of laws thereof, and in the event of any dispute or legal proceeding arising out of or relating to any such matters, I agree and consent to the jurisdiction and venue of the state and federal courts located in Hamilton County, Tennessee as the sole forum for the adjudication of any such matters[.]

Doc. 8 at 6.  The Acknowledgment of Employment in Tennessee and Application of Tennessee Law and Jurisdiction also contains a forum selection provision.  It states, in relevant part:

> I hereby acknowledge and agree with my employer's determination that . . .  my services for Covenant Transport, Inc. are deemed to be performed entirely in the State of Tennessee, and otherwise the terms of my employment with Covenant Transport, Inc. (or termination thereof) shall be governed in all respects by the laws of the State of Tennessee . . . and/or applicable federal law.  I hereby agree and consent to the jurisdiction of the state and federal courts located in Hamilton County, Tennessee, and further agree that the sole forum for the adjudication of any matters arising out of or related to my employment with Covenant Transport, Inc. (or termination thereof) shall be in the state or federal courts (and/or state and federal agencies) located in Hamilton County, Tennessee.  I hereby agree and consent to such determination, and agree that I will not hereafter take any position to the contrary, understanding that Covenant Transport, Inc. . . . is relying on such representations and determination in connection with the company's employment of me.

*Id.* at 7.  Plaintiff does not dispute the validity of these contracts; instead, he contends that dismissal under Rule 12(b)(3) is improper and that a balance of both private and public interest factors militate against transfer to Tennessee under 28 U.S.C. § 1404(a).  *See* Doc. 9.

## II.    Legal Standard

When Defendant filed its Rule 12(b)(3) motion and motion to transfer, "the proper procedural mechanism for enforcing a forum selection clause was uncertain." *LaBar v. ABC Med. Holdings, Inc.,* No. 3:13-CV-2551-B, 2014 WL 1714468, at *2 (N.D. Tex. Apr. 30, 2014) (quotation marks and citation omitted).  Defendants relied on a variety of procedural devices to enforce forum selection clauses, including motions to dismiss for "improper" venue under Federal Rule of Civil Procedure 12(b)(3), motions to dismiss for "wrong" venue under 28 U.S.C. § 1406(a), and motions to transfer based on *forum non conveniens* under 28 U.S.C. § 1404(a).  *Id.* Late last year, however, the Supreme Court resolved this uncertainty.  In *Atlantic Marine*, the Supreme Court unanimously held that:

> [T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*.  Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer.

*Atlantic Marine Constr. Co. v. United States Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013).  The Supreme Court further held that Rule 12(b)(3) and 28 U.S.C. § 1406(a) are not the appropriate procedural mechanisms to enforce a forum selection clause because they presuppose that venue is "wrong" or "improper" as defined by federal venue laws that "say nothing about a forum-selection clause."  *Id.* at 577.  In contrast, "a motion to transfer under § 1404(a) does not condition transfer on the initial forum's being 'wrong.' And it permits transfer to any

district where venue is also proper . . . or to any other district to which the parties have agreed by contract or stipulation." *Id.* at 579.

The Supreme Court also found that a forum selection clause alters the traditional Section 1404(a) analysis. In these circumstances, "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* at 579 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). *Atlantic Marine* held that a valid forum-selection clause requires district courts to adjust their usual Section 1404(a) analysis in three ways: "First, the plaintiff's choice of forum merits no weight." *Atlantic Marine*, 134 S. Ct. at 581. Second, "arguments about the parties' private interests" are not to be evaluated; only "arguments about public-interest factors" may be considered in applying the 1404(a) analysis. *Id.* at 582. Third, "a § 1404(a) transfer of venue will not carry with it the original venue's choice of law rules – a factor that in some circumstances may affect public-interest considerations." *Id.* "[T]he party acting in violation of the forum-selection clause . . . must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 583; *see also LaBar*, 2014 WL 1714468, at *3.

## III.     Analysis

As Defendant concedes, *see* Doc. 10 at 2, a forum selection clause may no longer be enforced by a motion to dismiss for "improper venue" under Rule 12(b)(3) or a motion to transfer pursuant to 28 U.S.C. § 1406. *See Atlantic Marine,* 134 S. Ct. at 577. "Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper.' Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection

clause." *Id.*  The motion therefore must be denied to the extent that it seeks dismissal under Rule 12(b)(3) or transfer under Section 1406.

Because there is a valid forum selection clause, the court must consider Defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) under the altered analysis set forth in *Atlantic Marine*. *Id.* at 581.  Plaintiff's choice of forum and his contentions regarding private interest factors are not entitled to any weight.  *Id.* at 581-82.  The Plaintiff must establish that transfer to the Eastern District of Tennessee – the forum for which the parties bargained – is unwarranted and that public interest factors "overwhelmingly disfavor a transfer."  *Id.* at 582-83.  The public interest factors to be considered by a court when reviewing a claim of *forum non conveniens* are:  "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."  *In re Volkswagen*, 545 F.3d 304, 315 (5th Cir. 2008).

Plaintiff here incorrectly places upon Defendant the burden to establish that the public interest factors favor transfer.  *See* Doc. 9 at 6-7.  He contends that (1) Defendant does not address the "administrative difficulties" or "avoidance of unnecessary problems" prongs of *In re Volkswagen*; (2) the alleged discrimination and failure to pay overtime wages occurred in Dallas and Defendant maintains an office in Dallas; and (3) federal law, rather than Tennessee law, will apply to Plaintiff's allegations of harassment, discrimination, and his damage claims.  *Id.*  Plaintiff does not acknowledge or address *Atlantic Marine* and does not further explain the public interest factors that he believes weigh against transfer under the forum selection clause.

Plaintiff has not established that the four public interest factors "overwhelmingly disfavor a transfer."  *Atlantic Marine*, 134 S. Ct. at 583.  Plaintiff has, at most, set forth facts to establish

that this court has a local interest in considering the case because the alleged acts of discrimination occurred in Texas and Defendant maintains an office in Texas.  *See* Doc. 9 at 6.  This argument is insufficient to sustain Plaintiff's heavy burden to demonstrate that public interest factors "overwhelmingly disfavor" transfer to the Eastern District of Tennessee under the forum selection clause.

**IV.    Conclusion**

For the reasons herein stated, the court **denies** Defendant's Motion to Dismiss Pursuant to Rule 12(b)(3), **denies** Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1406, **grants** Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1404(a), and **transfers** this case to the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1404(a). The clerk of the court shall effect the transfer in accordance with the usual procedure.

**It is so ordered** this 29th day of May, 2014.

Sam A. Lindsay
United States District Judge